IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARY JO KAULING,

    Plaintiff,

vs.

FIFTH DISTRICT APPELLATE COURT,
MARION COUNTY COURT, ILLINOIS, and
STATE OF ILLINOIS,

    Defendants.

Case No. 14-cv-1015-SMY-SCW

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Mary Jo Kauling's motion for leave to proceed *in forma pauperis* (Doc. 2). In her complaint, Kauling alleges wrongdoing by Judge Michael McHaney and attorney Charles Schmidt. Specifically, Kauling alleges as follows:

> Judge Michael McHaney invaded a case that was set for Judge Allen Lolie 10 L 44 Marion Co. IL. Whereas I had a ruling in my favor by J. Lolie. . . Attorney Charles Schmidt entered after ruling. Entered late and failed to follow court rules pertaining to his entrance, cause, and relationship to the case.

Doc. 1, p. 16.

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*.  *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).  The Court has no reason to doubt Kauling's indigency; however, the Court finds her claim is frivolous against both parties.

    1.  Judge Michael McHaney

Judges enjoy absolute immunity in the exercise of their judicial functions.  *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991).  This immunity includes immunity from suit and not just immunity from damages claims.  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Here, Kauling has failed to state sufficient facts for any defendant to be put on notice of the claim against her.  When a plaintiff pleads insufficient facts, the Court normally grants leave to replead.  Here, however, leave to replead is unnecessary. Specifically, Kauling's claims are clearly barred by judicial immunity because her complaint attempts to state claims against judicial officers in the exercise of their judicial functions.

    2.  Attorney Charles Schmidt

F. R. Civ. P. 14(1) states: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  "It is not enough that the third-party complaint has merely grown out of the same transaction as the original complaint. There must also be a claim that the impleaded parties would be secondarily liable to the defendants in the event that the defendants are held liable to the plaintiffs in the original action." *Trustees of Cent. States, SE & SW Areas Health & Welfare Fund v. State Farm Mut. Auto. Ins*. *Co*., 1991 WL 191456, *2 (N.D.Ill. Sept. 16, 1991).

In this case, because Judge Michael McHaney is immune from suit, he cannot be found liable, and there can be no secondary liability. Therefore, any third-party claim against Charles Schmidt is improper and must be dismissed.

For the foregoing reasons, the Court **DENIES** Kauling's Motion for Leave to Proceed *in forma pauperis* (Doc. 2), **DENIES** Kauling's Motion for Recruitment of Counsel as moot (Doc. 3), **DENIES** Kauling's Motion for Service of Process at Government Expense as moot (Doc. 5), **DISMISSES** this case for failure to state a claim against an immune defendant and an improperly-joined third party defendant, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 24, 2014**

s/ Staci M. Yandle
**STACI M YANDLE
DISTRICT JUDGE**